◼ In the Matter of WAPPINGERS CENTRAL SCHOOL DISTRICT et al., Respondents, v TOWN OF WAPPINGER et al., Appellants. (Proceeding No. 1.) In the Matter of WAPPINGERS CENTRAL SCHOOL DISTRICT, Respondent, v TOWN OF WAPPINGER et al., Appellants. (Proceeding No. 2.)—In two proceedings pursuant to CPLR article 78 (1) the first *inter alia* to review an assessment made to finance certain sewer improvements and (2) the second *inter alia* to review an assessment made to finance certain water district improvements, the appeals are from two judgments of the Supreme Court, Dutchess County (one in each proceeding), both entered March 25, 1975, which, *inter alia,* granted the petitions and annulled the respective assessments. Judgments affirmed, without costs or disbursements. Under the facts herein and the applicable law, Special Term was warranted in reaching the conclusions that it did. Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.

◼ In the Matter of IRVING ZARETSKY, Appellant, v WILLIAM C. HITT et al., Constituting the Town of Cortlandt Town Board, et al., Respondents. T. FREEMAN COPE et al., Intervenors-Respondents.—In a proceeding pursuant to CPLR article 78 *inter alia* to review a determination of the respondent Town Board of the Town of Cortlandt which denied petitioner's application for a permit for the construction of a multiple-family residential development, the appeal is from (1) so much of an order of the Supreme Court, Westchester County, entered August 9, 1974, as, upon reargument, directed a hearing as to the issue whether petitioner had obtained a vested right and (2) a judgment of the same court, entered April 11, 1975, which, after a hearing, *inter alia,* dismissed the petition. Order affirmed insofar as appealed from, and judgment affirmed, all without costs or disbursements. The record supports the finding of Special Term that the respondents were not guilty of willfully withholding approval of appellant's application. Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Hawkins, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE BLACKSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered October 30, 1974, convicting him of criminal possession of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in the third degree (two counts), upon a plea of guilty, and imposing sentence. Judgment affirmed (see *People v Broadie,* 37 NY2d 100, 117, 119). On this record, the undercover agent's identification of the defendant was independent of the identification procedure and would have been admissible at the trial even had the defendant been able to establish that the photo array was improper. Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.